UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | No. 5:18-CR-68-REW-MAS |
| v. ) | |
| ) | ORDER ON § 2255 Motion |
| PRINCE B. BIXLER, ) | |
| ) | |
| Defendant/Petitioner. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On June 21, 2023, Petitioner Prince B. Bixler filed a *pro se* motion under 28 U.S.C. § 2255. *See* DE 248 (Motion). Bixler raised sixteen separate grounds for relief, claiming ineffective assistance of counsel ("IAC") and/or substantive error and intermittently challenging the sufficiency of the evidence. *See generally id.* The Government responded in opposition, *see* DE 255, and Bixler replied, *see* DE 258. On referral, United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned deny Bixler's motion with prejudice and deny a Certificate of Appealability ("COA") on all issues. *See* DE 268 (Report and Recommendation). Judge Stinnett expressly informed Bixler of his right to object to the recommendation under 28 U.S.C. § 636(b)(1) within fourteen days. The notice pointed Bixler to the statute, to Civil Rule 72(b), and to Criminal Rule 59(b). *See id.* at 21.

The original objection deadline—December 26, 2023—lapsed without objection from Bixler. However, post-deadline, Bixler filed (1) a motion for a COA, *see* DE 271, and (2) a notice of appeal, seemingly concerning Judge Stinnett's November 28, 2023 order denying Bixler's

1

motion to amend the § 2255 petition.[1] *See* DE 269. The Sixth Circuit dismissed the DE 269 appeal for lack of jurisdiction, explaining that Judge Stinnett's recommendation "is not directly appealable" and Bixler must first seek "review in the district court[.]" DE 273 at 1–2. This Court also denied the DE 271 motion for a COA because no final order existed at the time of Bixler's motion. *See* DE 272 at 1; *see also Cochran v. Birkel*, 651 F.2d 1219, 1222–23 (6th Cir. 1981) ("[A] notice of appeal from a plainly nonappealable order may properly be ignored by the district court.").

Bixler's attempt to appeal and obtain a COA, combined with concerns over DE 268's objection notice, prompted the Court to *sua sponte* reset the objection deadline to February 19, 2024. *See* DE 272 at 2; *see also United States v. Gregory,* 311 F. App'x 848, 855 (6th Cir. 2009)

---

[1] The Court did not construe either DE 269 or DE 271 as an objection to Judge Stinnett's recommendation. Bixler's DE 269 notice of appeal stated that he intended to "appeal the denial of [his] 28 U.S.C. § 2255 motion, which was file[d] on 11-27-2023." DE 269. However, nothing was docketed in this case on November 27, 2023, and Judge Stinnett's recommendation was filed two weeks *after* this date. *See* DE 268. It seems that Bixler is referencing Judge Stinnett's November 28, 2023 order denying Bixler's *motion to amend* the § 2255 petition. *See* DE 266 (Order); DE 265 (Motion to Amend).

The DE 271 motion for a certificate of appealability also seems to relate to the denial of Bixler's motion to amend. In DE 271, Bixler stated that he "would like to brief his motion for this court, but the District Court failed to Rule [on] the merits of [his] claims in his [§] 2255" and contends that this Court denied his motion "on procedural grounds without reaching the defendant's underlying constitutional claims[.]" DE 271. To be clear, Judge Stinnett's denial of Bixler's motion to amend is separate and distinct from the merits of the underlying § 2255 petition, and Judge Stinnett's recommendation did not suggest—not fully, at least—that the undersigned deny Bixler's petition "on procedural grounds[.]" Thus, the Court previously denied DE 271 because it had not processed the § 2255 motion, so no final order existed (much less any COA) when Bixler filed DE 271. *See* DE 272 at 1. In any event, insofar as Bixler sought to appeal Judge Stinnett's recommendation, the objection did not reference any of Judge Stinnett's findings or identify specific grounds to be reviewed. Merely alleging that the Court did not consider the substance of his claims is insufficient and inaccurate. *See Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object, and an objection that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution . . . is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72."). As discussed below, Judge Stinnett thoroughly addressed, substantively (where apt) and procedurally, the substance of each of Bixler's sixteen claims. *See* DE 268 at 4–19.

("A party who fails to object to the R & R waives its right to appeal any issue addressed in the R & R, so long as the non-objecting party received notice of the consequences of failing to object." (citing *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001))). The Court expressly informed Bixler that "he must file timely and proper objections" and that failure to do so, as to an issue, "forfeits any right to further review as to that issue." DE 272 at 3.

Bixler timely objected to Judge Stinnett's recommendation. *See* DE 274.[2] The Government did not respond. For the following reasons, the Court **DENIES** Bixler's objection, **ADOPTS** Judge Stinnett's DE 268 recommendation, and **DENIES** Bixler's § 2255 motion.

## I.   Relevant Background

On September 19, 2019, a federal grand jury returned a Second Superseding Indictment, charging Bixler with four counts of sex trafficking, two counts of witness tampering, one count of using facilities in interstate commerce to manage the commercial sex-trafficking or prostitution scheme, six counts of drug distribution, and three related firearms offenses. *See* DE 32 (Second Superseding Indictment). Following a seven-day trial, the jury found Bixler guilty on all sixteen counts. *See* DE 159 (Jury Verdict). Bixler moved for a judgment of acquittal, which the Count granted as to one of the sex trafficking convictions. *See* DE 199 (Judgment of Acquittal). The Court ultimately sentenced Bixler to 432 months' imprisonment and imposed $334,770 in restitution. *See* DE 198 (Judgment).

Bixler appealed to the Sixth Circuit, raising the following arguments: 1) that the trial court erred in granting the Government's motion to exclude evidence that Bixler's alleged victims engaging in prostitution both before and after their involvement with him; 2) that the trial court erred in denying Bixler's motion to preclude the testimony of addiction specialist Dr. Kelly Clark;

---

[2] Though given time, Bixler did not object on the amendment denial, DE 266, so that matter is closed.

3) that the Government violated Bixler's equal protection rights by using a peremptory challenge to strike the only Black member of the venire; 4) that the trial court erred in denying Bixler's motion to continue trial based on news coverage of a local rally against sex trafficking, scheduled to occur the same day as trial; 5) that the evidence was insufficient to support Bixler's sex trafficking and witness tampering convictions; and 6) that the trial court erred in applying seven sentencing enhancements and calculating restitution. *See generally* DE 233 (6th Circuit Opinion); *United States v. Bixler*, No. 21-5194, 2022 WL 247740 (6th Cir. Jan. 27, 2022). The Sixth Circuit affirmed on all grounds. *See id.* Bixler petitioned to the Supreme Court, which denied certiorari on June 21, 2022. *See* DE 238; *Bixler v. United States*, 142 S. Ct. 2838 (2022) (mem.).

Bixler timely filed a § 2255 petition, raising sixteen grounds for relief. *See* DE 248. The Government responded in opposition, *see* DE 255, and Bixler replied, *see* DE 258. On referral, Judge Stinnett recommended that the undersigned deny Bixler's motion with prejudice and deny a COA on all issues. *See* DE 268. Judge Stinnett found: 1) that Bixler failed to show ineffective assistance of counsel or a basis for relief as to Grounds 1, 2, 4, 6-8, and 10-16; 2) that the Sixth Circuit already addressed, and thus foreclosed relief on, Grounds 3, 4, 5, and 9, and Bixler did not cite any exceptional circumstances or intervening change in law that would permit him to relitigate those issues before this Court; and 3) that, concerning Ground 3 sufficiency, not previously raised, Bixler did not meet his theoretical burden of showing actual innocence as to the Travel Act conviction. *See id.* at 6–19.

Currently before the Court is Bixler's objection to Judge Stinnett's recommendation. *See* DE 274. The Government did not respond. The matter is ripe for ruling.

**II.     Standard of Review**

When a party properly objects to a magistrate judge's recommendation, the Court reviews those portions de novo. *See* 28 U.S.C. § 636(b)(1)(C) (requiring "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, the Court need not conduct "review of a magistrate[] [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). The Court tailors its analysis accordingly.

**III.    Analysis**

Bixler indicates that he "objects to all adverse ruling[s]" in Judge Stinnett's recommendation and "[r]ealleges all of the arguments and claims" in the underlying § 2255 petition. DE 274 at 1. For the most part, Bixler—in a cursory manner and without reference to Judge Stinnett's specific findings—simply reinvokes, without elaboration or response to Judge Stinnett's views, the arguments raised in the initial § 2255 petition. *See* DE 274 at 1 (stating that "[h]is position is set out primarily in . . . [the] 28 U.S.C. § 2255 motion and amended motion.").[3] As the Court previously warned, a generalized objection to a recommendation is insufficient to trigger review. *See* DE 272 at 3 (stating that Bixler's objections "must be . . . specific to the matter or issue contested" and failure to particularly object as to an issue "forfeits any right to further review on that issue"); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038,

---

[3] The Court again notes that Judge Stinnett denied Bixler's motion to amend the § 2255 petition. *See* DE 266.

at *1 (S.D. Ohio Sept. 15, 2011) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

That said, Bixler is proceeding *pro se*, so the Court liberally construes his filing. *See United States v. Kirkpatrick*, No. 1:96-CR-81, 2009 WL 2823658, at *7 (E.D. Tenn. Aug. 28, 2009) ("Many prisoners file inartfully drafted *pro se* post-conviction motions without specifying the legal basis for the requested relief. In an effort to assist *pro se* prisoners who are unaware of the applicable statutory framework governing post-conviction relief, the courts often liberally construe and recharacterize such filings."). Still, the Court made Bixler aware of the requirement that he raise *specific* objections, *see* DE 272 at 3, and the leniency for *pro se* filings has its limits. A "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Bixler's objection, at DE 274, prompts several foundational observations. First, as noted, to the extent he offers a blanket objection—one in no way grappling with Judge Stinnett's careful work—the paper amounts to no objection at all. That covers most of the issues Judge Stinnett recommended be dismissed. Second, Bixler tried to inject completely new § 2255 claims by way of his objection. Thus, he presents a new claim based on the Court's adherence, in limine and at trial, to Rule 412 and limits on victim cross-examination. He also alludes to a new *Brady* theory, tied somewhat to underlying evidence regarding the oft-cited Det. Hart. A movant may not raise claims for the first time in an objection to a dispositive recommendation, and Bixler included neither of those matters in his § 2255. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Those claims necessarily fail.

Now, to the objection document: First, Bixler's objection states that his trial counsel, John Kevin West "failed to conduc[t] a reasonable investigation into potential mitigating evidence with respect to trial and sentencing because counsel chose to abandon his investigation at an unreasonable time." DE 274 at 4. Bixler does not specify which grounds this argument applies to, but it appears to concern Grounds 1 and 16, which assert that West was ineffective in failing to investigate exculpatory witnesses and evidence. *See* DE 248 at 4, 13. Though this objection perhaps pertains to those claims, the text merely summarizes the general argument presented in the original § 2255 petition. *See id.* Bixler offers no new case law, argument, or analysis. A reiteration of the same arguments, already rejected by Judge Stinnett, fails to set forth a viable objection. *See Holl*, 2011 WL 4337038, at *1. Judge Stinnett, of course, had scrutinized the record, noting, *e.g.*, the absence of affidavit proof (as to putative witnesses) and noting counsel's use of materials pertinent to witness Moore and the hospitalization of Bixler. *See* DE 268, at 9–11. The record-based analysis stands unopposed.

Next, Bixler's objection also generally references Grounds 2, 6, 10-13, and 15 (largely IAC claims) and indicates that his lawyer admitted, in the petition for a writ of certiorari, that trial counsel was "ineffective to cross-examine . . . witnesses" because the Court limited Bixler's ability to cross-examine alleged victims. *Id.* at 4. Bixler did not include this fact in his initial § 2255 motion, though the petition for a writ of certiorari was filed on April 27, 2022, over one year prior to the § 2255 motion. *See* Petition for Writ of Certiorari, *Bixler v. United States*, No. 21-1409 (Apr. 27, 2022), 2022 WL 1409749. While an objection to a magistrate judge's recommendation is typically an improper vehicle for citing a new fact, *see Norton v. Barker, et al.*, No. 2:21-CV-00084, 2021 WL 4128865, at *2–3 (E.D. Tenn. Sept. 9, 2021), the Court considers the merits given Bixler's *pro se* status. *See Tolliver v. Noble*, 725 F. App'x 254, 266 (6th Cir. 2018) ("[W]hen the

pleadings are filed by *pro se* plaintiffs, the court may consider additional, supporting documents which . . . serve to elaborate on . . . the initial filing."); *see also Chapple v. Franklin Cnty. Sheriff's Officers FCCC 1 & 2*, No. 2:21-CV-05086, 2022 WL 16734656, at *5 n.5 ("In consideration of Chapple's *pro se* status, the Court will consider Chapple's additional factual allegations in his Objection[.]").

Pertinent here, under § 2255, a federal prisoner may file a motion "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a). To succeed on a § 2255 motion alleging constitutional error, a federal prisoner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 113 S. Ct. 1710, 1722 (1993)). One category of constitutional error is IAC. IAC claims are governed by a two-prong test: (1) whether counsel's performance fell below an "objective standard of reasonableness[,]" and (2) whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 104 S. Ct. 2052, 2055 (1984). A petitioner claiming IAC bears a heavy burden. *See Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010) ("[S]urmounting *Strickland*'s high bar is never an easy task.").

As to the first prong, a petitioner must overcome the presumption "that counsel's representation was within the 'wide range' of reasonable professional assistance[.]" *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 104 S. Ct. at 2052). The "objective standard of reasonableness" is measured against "prevailing professional norms" and considers "all the circumstances." *Strickland*, 104 S. Ct. at 2066. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to

8

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* "Even under de novo review, the standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record" and interacted with all parties to the case. *Harrington*, 131 S. Ct. at 788.

As a threshold matter, Bixler's objection misconstrues the argument raised in the petition for a writ of certiorari. In that filing, Bixler's lawyer—the same lawyer that represented him at trial—did not reference an ineffective assistance of counsel claim. Rather, Bixler's lawyer argued that the Court's curtailment on Bixler's cross-examination of alleged witnesses violated the Fifth Amendment Due Process Clause and the Sixth Amendment Confrontation Clause. *See* Petition for Writ of Certiorari at 7, *Bixler v. United States*, No. 21-1409 (Apr. 27, 2022), 2022 WL 1409749, at *7–8.

Even if counsel had conceded in the petition that he was ineffective in that respect, that fact would have no bearing on the § 2255 IAC claims. Bixler's objection—and his trial lawyer's apparent concession—relate to a pretrial ruling precluding "reference to any prostitution acts by the denominated victims, whether prior or subsequent to the events of this case[.]" DE 98 at 8–12. However, the IAC claims referenced in Bixler's objection—Grounds 2, 6, 10, 12-13, and 15—all concern Detective Todd Hart, one of the officers that investigated Bixler. *See* DE 248 at 6, 17, 20–22. In other words, those grounds do not relate to court-imposed limitations on cross-examination of alleged victims. Ground 2 claims a Fifth Amendment violation because Hart allegedly performed favors for those who testified and/or cooperated against Bixler. *See id.* at 6. Grounds 10 and 12 claim that Bixler's counsel was ineffective in deciding not to call Hart to testify. *See id.* at 20. Ground 13 claims that the Court should have excluded any evidence obtained by

9

Hart. *See id.* at 21. Ground 15 claims that the Government's reliance on evidence obtained by Hart amounts to "prosecutorial misconduct[.]" *Id.* at 22.

Though Grounds 6 and 12 touch on Bixler's scope of cross-examination, they again pertain to Hart, not the alleged victims. Indeed, the petition for a writ of certiorari—which focused on the Court's ruling on Bixler's scope of cross-examination as it related to Rule 412 and *alleged victims*—did not argue that the Court's exclusion of Hart's testimony was an error or impeded counsel's ability to effectively represent Bixler. *See generally* Petition for Writ of Certiorari, *Bixler v. United States*, No. 21-1409 (Apr. 27, 2022), 2022 WL 1409749.

Even so, the claims raised in Grounds 6 and 12 are plainly contradicted by the record. Ground 6 claims that the Court erred in granting the Government's motion *in limine*, which sought to exclude certain audio recordings from controlled buys involving Bixler. *See id.* at 17. That Ground further claims that exclusion of those audio recordings denied Bixler the opportunity to demonstrate that Hart was allegedly "unethical[.]" *Id.* Ground 12 claims that the Court erred in granting the Government's motion *in limine*, which sought to exclude Hart's testimony. *See id.* at 21. These allegations, however, flatly misstate the record and are unsupported. First, while the Government's motion *in limine* indicated that it "does not anticipate calling Detective Hart to testify in its case in chief[,]" the Government did not seek to exclude Hart's testimony.[4] *See* DE 70 at 4. Indeed, the Government indicated that if Bixler called Hart as a witness, the Government may call Hart on rebuttal. *See id.* at 4–5. Further, while the Government did move to exclude certain statements made about Hart, the Court denied the motion and rejected a "categorical

---

[4] The Government requested that Bixler "not be permitted to cross-examine Hart or call Detective Hart or another witness *to inquire about opinions about his untruthfulness that lack factual support or unfounded allegations*[.]" DE 70 at 7 (emphasis added). The Court denied that request. *See* DE 98 at 5–6 ("[I]f the United States calls Hart, he will be subject to cross-examination like any other witness . . . . Bixler may impeach Hart's own testimony.").

proposition" that any opinion regarding Hart's reputation for untruthfulness was more prejudicial than probative. *See* DE 98 at 7–8. The Court also explained that, with proper foundation, Bixler may "as a matter of prototypical impeachment, reasonably probe whether Hart has personal bias toward him." *Id.* at 6. Even if the Government opted not to call Hart, the Court explained that "Bixler himself could call Hart[,]" though it "would not anticipate allowing Hart to be called just for purposes of facing impeachment." *Id.* at 6 n.5.

The Government did not call Hart, and neither did Bixler. Bixler now criticizes counsel, but he offers nothing (by way of affidavit or proffer) regarding what of import Hart would have added. And certainly, Bixler, as he enumerates, took many opportunities to show that Hart was involved in the investigation and had significant witness contact. What Bixler does not show is a) what Hart's testimony would have been and b) how that would have mattered to the jury's determination. Counsel, on the other hand, relates fear at the time that Hart could have offered comparatively damaging proof.[5] *See Millender v. Adams*, 376 F.3d 520, 527 (6th Cir. 2004) ("A defense counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant."). Witness presentation is a matter for counsel, and Mr. West exercised judgment in that area. *See Rayborn v. United States*, 489 F. App'x 871, 878 (6th Cir. 2012) ("[W]hether to call a witness and how to conduct a witness' testimony are classic questions of trial strategy that merit *Strickland* deference."). None of the claims based on Det. Hart warrants relief.

---

[5] Counsel avers he discussed the issue with Bixler, and Bixler agreed. *See* DE 255-1 at ¶ 6. Bixler contests this, but he does not explain what more he would have gotten from Hart directly as a witness. Indeed, the insinuations from witness contact or benefits/inducements were included over many cross-examinations, as Bixler himself summarizes. The Court had already said it would not allow Hart to be called just for purposes of impeaching him, per DE 98. Thus, other than rank speculation, Bixler does not establish that testimony from Hart in any way would have been exculpatory or would have undercut the well-supported case for conviction. The Government did not rely on substantive testimony or proof from Hart, in any way, in its case-in-chief.

Again, to the extent Bixler points to the prior Rule 412 ruling, this gets him no remedy. Bixler, in the objection, argues that the Court erred in precluding him from "introducing evidence that the alleged victims [engaged] in commercial sex acts before they even met Mr. Bixler[,]" as well as after Bixler was arrested. DE 274 at 2. However, because Bixler did not raise this argument in his original petition, *see generally* DE 248, he is procedurally barred from raising what would be an entirely new ground of relief. *See Murr*, 200 F.3d at 902 n.1 ("Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.") (internal citations omitted).

Even so, because the Sixth Circuit already considered and rejected this argument, Bixler's new claim also fails on the merits. "It is . . . well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). On appeal, the Sixth Circuit considered Bixler's challenge to the "district court's grant of the government's pre-trial motion to preclude evidence of his alleged victims engaging in prostitution both before and after their involvement with him." DE 233 at 5. The Sixth Circuit rejected this argument, concluding that Bixler failed to "demonstrate that the district court committed any error, let alone [a] prejudicial error, in granting the government's motion in limine." *Id.* at 8. Bixler does not cite any exceptional circumstances or intervening change of law

12

that would allow him to relitigate decided issues in the § 2255 context. The Sixth Circuit closed the door on the Rule 412 argument.

Lastly, Bixler argues that Judge Stinnett erred in denying his request for an evidentiary hearing. *See* DE 274 at 5. Bixler argues that he "has offered more than a mere modicum of evidence in support" of all 16 claims, satisfying the requirement for an evidentiary hearing. *Id.* Bixler's initial motion did not request, and Judge Stinnett thus did not consider or hold, an evidentiary hearing. *See* DE 258 at 24 ("Therefore, movant asks that the Court grant the following relief: Bixler seeks that his conviction and sentence be vacated, set aside, or resentenced" or "a new trial"). That said, the Court must hold an evidentiary hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is necessary "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Here, Bixler's claims do not warrant a hearing. As discussed above, Bixler's objections are either procedurally improper, plainly contradicted by the record, or foreclosed based on his appeal to the Sixth Circuit. Judge Stinnett conducted a thorough review of each claim, invoking the proper legal standards and apt case law against a well-developed trial record. The Court agrees with Judge Stinnett's careful analysis and conclusions. Regarding Bixler's ineffective assistance of counsel and associated claims (parts or all of Grounds 1, 2, 4, 6-8, and 10-16), Judge Stinnett reviewed each claim and found that each was either (1) foreclosed by the record, and/or (2) failed to meet *Strickland*'s high standard. *See* DE 268 at 4–14. Second, Judge Stinnett assessed and disposed of Bixler's claims challenging the sufficiency of the evidence. *See id.* at 14–19.

13

Concerning Grounds 3-5 and 9, Judge Stinnett concluded that "the Sixth Circuit addressed and affirmed each one[,]" and "Bixler is unable to cite any exceptional circumstances or intervening change of law" that would allow him to relitigate decided issues in the § 2255 context. *Id.* at 14. Further addressing Ground 3, which claimed actual innocence relative to the Travel Act count, Judge Stinnett determined that "Bixler cannot meet the extraordinarily high burden as to the Travel Act or the sex trafficking convictions." *Id.* at 18. Judge Stinnett marshalled the full record to include the trial itself, the voir dire mechanics, pretrial rulings by the Court, and testimony of all pertinent witnesses. Each claim got full and fair treatment, and each simply fell because of, *e.g.*, record refutation (the voir dire, including racial bias questions, caution, from the Court no less, on the decision to testify, and motion for acquittal claims), prior litigation (the claims regarding sufficiency, *Batson*, sentencing, as conclusively resolved by the Circuit), or clear failure of proof (claims related to speculative witness testimony or unrebutted strategic choices). Bixler effectively objects to none of Judge Stinnett's rulings, and each of them was sound and appropriate.

**IV.    Certificate of Appealability**

The Court may issue a certificate of appealability where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). Here, the Court will deny a certificate of appealability. Bixler has failed to make a substantial showing of the denial of a constitutional right. Reasonable jurists

14

would not disagree on the procedural and substantive rulings, and thus, no COA should issue as to the decision to deny the § 2255 motion.

V. **Conclusion**

For the above reasons, the Court **ORDERS** as follows:

1. The Court **OVERRULES** Bixler's objections, DE 274;

2. The Court **ADOPTS** DE 268, Judge Stinnett's recommendation, and **DENIES** DE 248, Bixler's § 2255 petition; and

3. The Court further **DENIES** a COA. Bixler has not made a "substantial showing" as to any claimed denial of rights. Reasonable jurists would not find the Court's determination debatable, and no COA should issue, particularly given the absence of proper objection to Judge Stinnett's substantive and procedural recommendations.

This the 13th day of December, 2024.

Signed By:
*Robert E. Wier*
United States District Judge